IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEFFERY D. RUFFIN                                                                      PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:20-CV-00335-NBB-DAS

OFFICER M. PORTER, et al.                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal as to certain defendants. Jeffery D. Ruffin, an inmate housed at the Marshall County Correctional Facility in Holly Springs, Mississippi, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Officer M. Porter, Sgt. L. Pigeon, D. Warden B. Tyler, and Warden J.J. Williams. Having fully considered the allegations and the applicable authority, the Court finds that Ruffin's claims against Defendants Sgt. L. Pigeon, D. Warden B. Tyler, and Warden J.J. Williams should be dismissed.

Screening Standards

Because Ruffin has been permitted to proceed *in forma pauperis* in this action, [1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may

---

[1] *See* Doc. #7.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

<u>Plaintiff's Allegations</u>

Ruffin contends that a fellow inmate, Rickie Smith, assaulted him. Prior to the assault, Ruffin overheard Smith tell Defendant Officer M. Porter, to "just lock the door and walk away[,] we [are] going to be[a]t the bitch ass for you." Officer Porter then walked away from the zone, leaving Ruffin alone with Smith and at least two other inmates.

Smith began the altercation by punching Ruffin with a closed fist in the left side of his face. Ruffin walked away to put something on his bunk, but immediately returned to continue the fight, finding Smith holding a coffee mug. Smith struck Ruffin's head with the mug four to five times before the mug shattered.

Two other inmates then broke up the fight, but Smith put his hand in Ruffin's mouth, pulling his lower jaw and cutting Ruffin's gums with his fingernails. The two paused their altercation for a moment while Ruffin went to take a look at his mouth. During that time, Smith retrieved a lock from his belongings, placed it in a sock, and used it to beat Ruffin's right ear.

Soon after, officers opened the zone door and allowed Smith to exit. By that time, Ruffin was covered in blood and subsequently transported to the local hospital where medical personnel stitched up his ear. When Ruffin returned from the hospital, he was written a Rule Violation Report for the incident and placed in lockdown for a period of twenty days.

<u>Discussion</u>

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Moreover, a plaintiff may not proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007). Instead, to state a valid claim under Section 1983, a plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).

Ruffin asserts a claim for failure to protect him from violence at the hands of his fellow inmates, but his allegations as to Defendants Sgt. L. Pigeon, D. Warden B. Tyler, and Warden J.J. Williams fail to establish any personal involvement in the alleged assault. Ruffin asserts that D. Warden B. Tyler investigated the incident *after* it occurred and that he told Warden J.J. Williams about the incident *after* the fact. He further notes that Warden J. J. Williams is "over the prison." Thus, Ruffin clearly named D. Warden B. Tyler and Warden J.J. Williams as Defendants merely because of their supervisory roles at the facility. As to Sgt. L. Pigeon, Ruffin alleges only that he was involved in the facility's internal grievance procedure, again, *after* the alleged physical altercation.

In sum, Ruffin's allegations against Defendants Sgt. L. Pigeon, D. Warden B. Tyler, and Warden J.J. Williams fail to establish the requisite personal involvement in the alleged constitutional violation(s). *See Woods*, 51 F.3d at 583. Rather, it is clear that they have been named defendants in this action merely due to their positions of authority at the correctional facility; thus, they

should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 2002) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

<u>Conclusion</u>

Based on the foregoing discussion, the Court finds that Ruffin's allegations against Defendants Sgt. L. Pigeon, D. Warden B. Tyler, and Warden J.J. Williams fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Ruffin's claims against these Defendants will be **DISMISSED with prejudice**. A final judgment in accordance with this opinion will issue this day.

**SO ORDERED**, this the 17th day of June, 2021.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**