IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFERY D. RUFFIN**                                                                                        **PLAINTIFF**

v.                                                                                         NO. 3:20-CV-00335-NBB-DAS

**OFFICER M. PORTER**                                                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffery D. Ruffin, proceeding *pro se* and *in forma pauperis*, filed suit under 42 U.S.C. § 1983 against Officer M. Porter, alleging that he failed to protect Ruffin from an assault by another inmate. Defendant has moved for summary judgment. Ruffin failed to file a response, and the matter is now ripe for resolution. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendant's motion should be granted.

### Plaintiff's Allegations and Background Facts

Ruffin, an inmate in the custody of the Mississippi Department of Corrections, was housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi, at all times pertinent to the instant action. Ruffin contends that, on January 18, 2020, a fellow inmate, Rickie Smith, assaulted him. Prior to the assault, Ruffin allegedly overheard Smith tell Defendant Officer M. Porter, to "just lock the door and walk away[,] we [are] going to be[a]t the bitch ass for you." According to Ruffin, Officer Porter then walked away from the zone, leaving Ruffin alone with Smith and at least two other inmates.

Smith began the altercation by punching Ruffin with a closed fist in the left side of his face. Ruffin walked away to put something on his bunk, but immediately returned to continue the fight, finding Smith holding a coffee mug. Smith struck Ruffin's head with the mug four to

five times before the mug shattered. Two other inmates then broke up the fight, but Smith put his hand in Ruffin's mouth, pulling his lower jaw and cutting Ruffin's gums with his fingernails. The two paused their altercation for a moment while Ruffin went to look at his mouth. During that time, Smith retrieved a lock from his belongings, placed it in a sock, and used it to beat Ruffin's right ear.

Officers eventually opened the zone door and allowed Smith to exit. By that time, Ruffin was covered in blood and subsequently transported to the local hospital where medical personnel stitched up his ear. When Ruffin returned from the hospital, he was written a Rule Violation Report ("RVR") for the incident and placed in lockdown for a period of twenty days. Ruffin contends that he submitted a grievance regarding the RVR but does not identify any grievance filed with respect to his allegations against Officer Porter.

Ruffin filed the instant action on December 29, 2020, alleging that Officer M. Porter violated his constitutional rights when he failed to protect him from the above-described assault.[1] By way of relief, Ruffin requests five hundred thousand dollars ($500,000) in damages. Defendant Officer M. Porter filed a motion for summary judgment on August 2, 2021, and an amended motion for summary judgment on August 24, 2021, asserting that Ruffin had failed to exhaust his administrative remedies prior to filing this action. Ruffin failed to file a response to either motion, and the matter is now ripe for resolution.

## Summary Judgment Standard

Summary judgment is appropriate only when the pleadings and evidence, viewed in the light most favorable to the nonmoving party, illustrate that no genuine issue of material fact

---

[1] Ruffin named additional defendants in his complaint. *See* Doc. #s 1, 12. The Court, however, previously dismissed Ruffin's claims against all other defendants, and only his claim against Officer Porter remains. *See* Doc. #s 17, 18.

2

exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation and internal quotation mark omitted). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. Of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. In other words, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Beck*, 204 F.3d at 633. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73(1990), "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). If no proof is presented, however, the Court does not assume that the non-movant "could or would prove the necessary facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Discussion

Because Ruffin was incarcerated when he filed this action, the Prison Litigation Reform Act ("PLRA") applies to this case. *See* 28 U.S.C. § 1915A. The PLRA provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a).

The PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle*, 534 U.S.516, 524 (2002). The Fifth Circuit takes a "strict approach" to exhaustion, holding that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003). Moreover, prisoners must properly exhaust their administrative remedies before filing suit, which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function affectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S.81, 90-91 (2006).

MDOC has been granted the statutory authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, it has established an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. *See* Miss. Code Ann. § 47-5-801.[2] The ARP process is a two-step process that begins

---

[2] This program has been approved by this Court in *Gates v. Collier*, GC 71-6-5-S-D (N.D. Miss. 1971) (order dated

4

when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty (30) days of the complained of incident. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The adjudicator, utilizing certain criteria, screens the grievance and determines whether to accept it into the ARP process. *Id.*

If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response. *Id.* Importantly, "[i]ssuance of a Second Step Response is the *only* way to complete the grievance process." *Harris v. Turner*, 2021 WL 1565790 (N.D. Miss. Apr. 21, 2021) (emphasis added). If the inmate is unsatisfied with the second response, he may then file suit in state or federal court. *Id.*

In his complaint, Ruffin alleges that he filed a grievance concerning the RVR resulting from the incident but avers that he received no response from the ARP program. *See* Doc. # 12, p. 3. According to the ARP Coordinator at the Marshall County Correctional Facility, however, institutional records indicate that Ruffin never filed any grievances concerning the alleged physical altercation or his claims against Officer Porter. *See* Doc. #s 27-1, 30-1. Ruffin failed to respond to the instant motion, nor has he otherwise produced evidence demonstrating that he pursued his claims through the ARP process set forth above. Consequently, as Ruffin has not shown that he participated in the ARP process at all, he certainly cannot demonstrate that he received a First Step

---

Feb. 15, 1994).

Response, much less a Second Step Response. In sum, the competent evidence before the Court shows that Ruffin failed to properly exhaust his administrative remedies prior to filing this action.

## Conclusion

Based on the foregoing discussion, the Court finds that the evidence set forth demonstrates that Ruffin failed to exhaust his administrative remedies before filing the instant action. Accordingly, Defendant's amended motion for summary judgment [30] is **GRANTED**, and judgment will be entered in their favor. The Court further finds that Defendant's first motion [27] for summary judgment will be **TERMINATED as moot**. A separate final judgment in accordance with this Memorandum Opinion and Order will issue today.

**SO ORDERED**, this the 13th day of October, 2021.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**